R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348

Attorneys for Plaintiffs,
Tippsy, Inc. and Genki Ito

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tippsy, Inc., a Delaware Corporation, and Genki Ito, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> Tippsy, LLC, a New York limited liability company, and Amanda L. Neville, an individual, <br><br> Defendants. | Case No. 2:24-cv-4025 <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR:** <br><br> **(1) DECLARATION OF NON-INFRINGEMENT OF UNITED STATES TRADEMARK REG. NO. 6821747 FOR TIPSY LOGO;** <br> **(2) DECLARATION OF NON-INFRINGEMENT OF UNITED STATES TRADEMARK REG. NO. 7194417 FOR TIPSY WORD MARK;** <br> **(3) DECLARATION OF NON-INFRINGEMENT OF COMMON LAW RIGHTS FOR TIPSY MARK;** <br> **(4) DECLARATION OF TRADEMARK CONCURRENT USE RIGHTS; AND,** <br> **(5) TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Tippsy, Inc. (hereinafter, "Tippsy California") and Plaintiff Genki Ito (hereinafter, "Ito") hereby complain against Defendant Tipsy, LLC (hereinafter, "Tipsy NY") and Amanda L. Neville (hereinafter, "Neville") as follows:

## I.  THE PARTIES

1.      Plaintiff Tippsy California is a Delaware Corporation with its principal place of business located at 21730 S. Wilmington Ave, #203, Carson, CA 90810. Mr. Ito is the Chief Executive Officer and sole owner of Tippsy California.

2.      Tippsy California specializes in the sale of Japanese alcoholic beverages, specifically sake and sake related goods such as sake glasses, sake cups, sake carafe, snacks, and sake warmer bottles. Tippsy California has offered such Japanese beverages and goods since at least as early as November, 2018 and extensively markets its products on its website, www.tippsysake.com and through social media accounts.

3.      Tippsy California's web site provides educational opportunities for consumers to learn about the different types of sake, the different regions and prefectures of Japan in which the different types of sake are brewed, and the rich history of various sake breweries in Japan. Hence, Tippsy California transforms the process of selecting a sake into a rich cultural experience. Its Japanese themed graphics on its website and social media enhance this cultural exchange theme.

TROJAN LAW OFFICES
BEVERLY HILLS

1                                                    COMPLAINT

4.     Tipsy NY is located at 584 Myrtle Ave, Brooklyn, NY 11205. In contrast to the international character of Tippsy California's marketing, Tipsy NY advertises itself as A NEIGHBORHOOD WINE & SPIRITS SHOP. Tipsy NY alleges that it began sales in January, 2014 and still conducts its business from its Brooklyn shop. Tipsy NY features at the center of its home page such economical favorites as "Grab-n-Go," "box wine," and "wine in a can." *See* shoptipsy.shop-settings.com. One can fairly characterize Tipsy NY's marketing as that of a local liquor store with no particular focus on any particular segment of the alcoholic beverages market.

5.     Upon information and belief, Defendant Amanda L. Neville is the Managing Member of Tipsy NY and the controlling, if not sole, owner of the defendant Limited Liability Company. Upon information and belief, Defendant Neville authorized the attorneys for Tipsy LLC to send the cease and desist demands upon the Plaintiffs described below in this Complaint.

## II.  JURISDICTION AND VENUE

6.     This is a civil action for declaratory judgment of trademark rights and trademark infringement arising under the Trademark Laws of the United States. This Court has original subject matter jurisdiction over Plaintiffs' trademark claims pursuant to 28 U.S.C. §1338(a) and pursuant to the 28 U.S.C. §§ 2201 and 2202 governing declaratory judgments.

7.     This Court has federal question jurisdiction under 28 U.S.C. §1331 and §1338(a) over Plaintiffs' trademark claims arising under the Lanham Act. In the alternative, the Court has subject matter and original jurisdiction over all claims for relief asserted herein pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     Plaintiffs are informed and believe, and on that basis allege, this Court has personal jurisdiction over Defendants because they have made accusations of infringement directed at Plaintiffs within this judicial district and, on information and belief, Defendants conduct business within this judicial district by advertising, promoting, and selling products in this judicial district; and the causes of action asserted in this Complaint arise out of Defendants' contact with this judicial district.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the acts complained of herein have been, and are being committed, in this judicial district.

### III.  FIRST COUNT FOR DECLARATORY RELIEF

### OF NON-INFRINGEMENT OF UNITED STATES TRADEMARK

### REGISTRATION. NO. 6821747 FOR TIPSY LOGO

10.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 9.

11.    Defendant Neville is the owner of United States Trademark Registration. No. 6821747 for the Tipsy Logo issued on August 16, 2022. Presumably, Defendant Neville licenses the logo to her company, defendant Tipsy NY. The '747 Registration is for the following logo:



12.    The '747 Registration expressly recites all of the following design elements:

(i) TIPSY in capital pink letters;

(ii) the pink letters having an offset outline in black;

(iii) the letter "I" tipping to the right;

(iv) underneath TIPSY, the words "a neighborhood wine & spirits shop" in lower case letters; and,

(v) a black horizontal line bisecting the lower case letters.

The '747 Registration describes the mark as follows:

TROJAN LAW OFFICES
BEVERLY HILLS

The mark consists of the word "TIPSY" appearing in pink capital letters with an offset outline in black, with the letter "I" manipulated to appear tipping to the right, underneath in small black lowercase letters is the phrase "A NEIGHBORHOOD WINE & SPRITITS [sic] SHOP" with a black horizontal line bisected by the phrase. No claim is made to the exclusive right to use the following apart from the mark as shown: "A NEIGHBORHOOD WINE & SPIRITS SHOP

13.     In sharp contrast to the logo in the '747 Registration, the Plaintiffs use the following TIPPSY logo in black lower case cursive letters:

*tippsy*

14.     Defendants have accused the Plaintiffs of infringing the '747 Registration because they use Tippsy.  Initially, Defendants' cease and desist letters came from Defendants' trademark prosecution counsel. But recently Defendants have escalated their threats by hiring litigation counsel to file suit in the Eastern District of New York. The Defendants' litigation counsel has informed Plaintiffs that they must immediately capitulate to all demands without compromise of any kind to avoid litigation. Plaintiffs insist that they do not infringe the '747 Registration because no reasonable jury could ever come to the conclusion that Plaintiffs' TIPPSY logo is confusingly similar to Defendants' logo in the '747 Registration.

15.     The dispute between the Plaintiffs and Defendants concerning infringement of the '747 Registration is definite and concrete, touching directly

COMPLAINT

TROJAN LAW OFFICES
BEVERLY HILLS

upon the legal relations of parties having adverse legal interests. Hence, this dispute is sufficiently real and substantial to be effectively resolved by specific relief through a decree of a conclusive character in the form of a declaration that Plaintiffs do not infringe the '747 Registration and the substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16.    Plaintiffs seek a declaratory judgment that the TIPPSY logo in black lower case cursive letters above does not infringe the Defendants' '747 Registration because Plaintiffs' logo:

(i) does not have TIPSY in capital pink letters;

(ii) does not have the pink letters having an offset outline in black;

(iii) does not have the letter "I" tipping to the right;

(iv) does not have underneath TIPSY, the words "a neighborhood wine & spirits shop" in lower case letters; and

(v) does not have a black horizontal line bisecting the lower case letters.

16.    Plaintiffs seek a decree that there is no likelihood of consumer confusion between the two logos because they do not share a single design element in common and convey fundamentally different commercial impressions to consumers. Hence, no reasonable jury could ever come to the conclusion that Plaintiffs' logo infringes upon Defendants' '747 Registration.

6

COMPLAINT

TROJAN LAW OFFICES
BEVERLY HILLS

17.     Defendants have also alleged that the '747 Logo Registration is infringed by the mere use of the word TIPPSY in plain text completely ignores the five distinct design limitations of the '747 Registration recited above and is equally meritless for the same stated reasons that the Plaintiffs' cursive TIPPSY logo is not infringing.

18.     The differences between the Plaintiffs' small case black cursive logo and the Defendants' logo in the '747 Registration is so dramatic that no litigant could ever reasonably believe the Registration is infringed by the Plaintiffs' logo. The accusation that the '747 Logo Registration is infringed by merely using the word TIPPSY in plain text without any of the five design elements of the Registration is frivolous. For all of these reasons, this is an exception case under the Lanham Act entitling Plaintiffs to their attorney fees and costs.

**IV.  SECOND COUNT FOR DECLARATORY RELIEF**

**OF NON-INFRINGEMENT OF UNITED STATES TRADEMARK**

**REGISTRATION. NO. 7194417 FOR TIPSY WORD MARK**

19.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 18.

20.     Defendant Tipsy NY is the owner of United States Trademark Registration. No. 7194417 for the Tipsy word mark issued on October 17, 2023.

TROJAN LAW OFFICES
BEVERLY HILLS

21.    Defendants have accused the Plaintiffs of infringing the '417 Registration because they use Tippsy. Initially, Defendants' cease and desist letters came from Defendants' trademark prosecution counsel. But recently Defendants have escalated their threats by hiring litigation counsel to file suit in the Eastern District of New York. Defendants' litigation counsel has informed Plaintiffs that they must immediately capitulate to all demands without compromise of any kind to avoid litigation.

22.    The dispute between the Plaintiffs and Defendants concerning infringement of the '417 Registration is definite and concrete, touching directly upon the legal relations of parties having adverse legal interests. Hence, this dispute is sufficiently real and substantial to be effectively resolved by specific relief through a decree of a conclusive character in the form of a declaration that Plaintiffs do not infringe the '417 Registration and the substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

23.    Plaintiffs do not infringe the '417 Registration because Plaintiffs have concurrent rights arising from the fact that Defendants waited nine years from their first use of TIPSY before obtaining their '417 Registration for the TIPSY word mark. In 2018, Plaintiffs started using their TIPPSY trademark without knowledge of Defendants' claim of trademark rights. Plaintiffs are entitled to concurrent use rights in all of states in the United States in which Plaintiffs used the TIPPSY mark

TROJAN LAW OFFICES
BEVERLY HILLS

COMPLAINT

before Defendants obtained their '417 Registration and in all additional states that constitute Plaintiffs' natural scope of expansion.

24.    Alternatively, the most logical and favored remedy sought with respect to concurrent use is the division of the market along cultural lines in that Plaintiffs are selling exclusively traditional Japanese alcoholic beverages such as sake, which is far removed from Defendants' use of the TIPSY mark for a general liquor store in Brooklyn. Accordingly, Plaintiffs seek a declaratory judgment that the Plaintiffs do not infringe Defendants' trademark rights and that Plaintiffs are entitled to their own registration for this culturally distinct market for the use of TIPPSY. The Court has the authority to fashion such a remedy under 15 U.S.C. § 1052(d), which provides in relevant part, "Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce."

25.    Plaintiffs also do not infringe the '417 Registration because Plaintiffs and Defendants have distinctly different marketing approaches and trade dress that prevent consumer confusion, especially when the Court considers that the alcoholic beverage market is crowded with trademarks that incorporate the word TIPSY. Some of the co-existing federal registrations that include TIPSY are:

(i) TIPSY TAILS for beer;

TROJAN LAW OFFICES
BEVERLY HILLS

(ii) TIPSY ROOSTER for retail store services featuring alcoholic beverages, liquors, beers;

(iii) TIPSY TIGER for alcoholic beverages, except beer;

(iv) TIPSY TOMATO for alcoholic beverages, namely, flavored brewed malt beverages;

(v) TIPSY FOX for wine; alcoholic beverages containing fruit; alcoholic beverages except beers; and,

(vi) TIPSY TONIC for tea based alcohol infusions.

26.    In addition to the above crowded field of federal trademark registrations for alcoholic beverages that incorporate TIPSY, there are numerous common law uses of TIPSY for alcoholic beverages such as TIPSY DUCK, JUST THE TIPSY, and tipsybeverages.com. All of these registered and common law uses of TIPSY peacefully coexist in the marketplace for alcoholic beverages. Tippsy California's use of TIPPSY for sake and related goods fits perfectly within this federal scheme. Hence, the Plaintiffs' distinctive Japanese-focused marketing of sake as a cultural experience is easily distinguished by consumers from Defendants' marketing theme of a neighborhood liquor store.

27.    Accordingly, Plaintiffs seek a declaratory judgment that the Plaintiffs do not infringe Defendants' trademark rights and that Plaintiffs are entitled to their own registration for this culturally distinct market for the use of TIPPSY. The Court

TROJAN LAW OFFICES
BEVERLY HILLS

COMPLAINT

has the authority to fashion such a remedy under 15 U.S.C. § 1052(d), which provides in relevant part, "Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce."

28.    Additionally, Plaintiffs seek a declaratory judgment that Defendants claim of infringement is barred by laches as result of the at least five and half year delay in asserting the claim.  Plaintiffs had no knowledge of Defendants' claim of exclusive rights contained in their Tipsy trademark registrations until Plaintiffs received notice from the Defendants on February 28, 2024.    Defendants' '417 Registration issued on October 17, 2023, but Defendants have never used ® next to TIPSY thereby foregoing the right to give constructive notice of their rights in the '417 Registration.

29.    The legal test for laches in the Ninth Circuit is two-fold: first, was the plaintiff's delay in bringing suit unreasonable? Second, was the defendant prejudiced by the delay? To apply the first prong of the laches test, the time period for laches begins to run when Tipsy NY knew, or should have known, about Tippsy California's use of TIPPSY. On information and belief, given the almost six years of open and notorious use of TIPPSY, Tipsy NY knew or should have known about the mark five years ago if Tipsy NY had been making even the minimum effort at

TROJAN LAW OFFICES
BEVERLY HILLS

enforcing its rights since a simple Google search would have revealed the Plaintiffs' use of TIPPSY on-line to sell sake and related goods.

30.    Tipsy NY's five year delay is presumptively unreasonable because a laches determination is made with reference to the limitations period for the analogous state action at law in the Ninth Circuit. The most analogous California statute of limitations for a trademark infringement claim is California's four-year statute of limitations for trademark infringement. When the claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit in the Ninth Circuit. Accordingly, Tipsy NY's delay in bringing an action satisfies the first prong of the test for laches in this Circuit.

31.    Turning to the second prong of the test for laches concerning prejudice, the at least five year delay in bringing the claim has been highly prejudicial to TIPPSY California.  This is because Plaintiffs have heavily invested in the brand over these many years, creating substantial goodwill in the mark that simply cannot be replaced. Customers have come to know Plaintiffs as TIPPSY for their sake needs and rely upon that brand identity to feel confident that the sake they buy is genuine and maintained properly to ensure the highest quality. Changing the name would be extremely prejudicial to TIPPSY California at this late date, representing the loss of the entire goodwill in the mark.

TROJAN LAW OFFICES
BEVERLY HILLS

32.     For at least these reasons, both the first and second prongs of the test for laches in the Ninth Circuit are amply satisfied. Therefore, Plaintiffs seek a declaratory judgment that the Defendants' claims for trademark infringement are barred by laches.

## V.  THIRD COUNT FOR DECLARATORY RELIEF
## OF NON-INFRINGEMENT OF DEFENDANTS' COMMON LAW RIGHTS
## IN THE TIPSY WORD MARK

33.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 32.

34.     Tipsy NY and Defendant Neville have asserted that they have common law trademark rights in the TIPSY word mark dating back to January, 2014.

35.     Defendants have accused the Plaintiffs of infringing the Defendants' common law trademark rights in the TIPSY mark by using TIPPSY. Initially, Defendants' cease and desist letters came from Defendants' trademark prosecution counsel. But recently Defendants have escalated their threats by hiring litigation counsel to file suit in the Eastern District of New York. The Defendants' litigation counsel has informed Plaintiffs that they must immediately capitulate to all demands without compromise of any kind to avoid litigation.

36.     The dispute between the Plaintiffs and Defendants concerning infringement of the common law trademark rights in the TIPSY mark is definite

TROJAN LAW OFFICES
BEVERLY HILLS

and concrete, touching directly upon the legal relations of parties having adverse legal interests. Hence, this dispute is sufficiently real and substantial to be effectively resolved by specific relief through a decree of a conclusive character in the form of a declaration that Plaintiffs do not infringe the TIPSY common law trademark rights and the substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.    Plaintiffs do not infringe the TIPSY common law trademark rights because Plaintiffs have concurrent rights arising from the fact that Defendants waited many years from after their first use of TIPSY before asserting their TIPSY common law trademark rights against Plaintiffs. In 2018, Plaintiffs started using their TIPPSY trademark without knowledge of Defendants' claim of the TIPSY common law trademark rights. Plaintiffs are entitled to concurrent use rights in all states of the United States in which Plaintiffs used the TIPPSY mark before Defendants obtained their '417 Registration and in all additional states that constitute Plaintiffs' natural scope of expansion.

38.    Alternatively, the most logical and favored remedy sought with respect to concurrent use is the division of the market along cultural lines in that Plaintiffs are selling exclusively traditional Japanese alcoholic beverages such as sake, which is far removed from Defendants use of the TIPSY mark for a general liquor store in Brooklyn. Accordingly, Plaintiffs seek a declaratory judgment that the Plaintiffs do

COMPLAINT

TROJAN LAW OFFICES
BEVERLY HILLS

not infringe Defendants' TIPSY common law trademark rights and that Plaintiffs are entitled to their own registration for this culturally distinct market for the use of TIPPSY. The Court has the authority to fashion such a remedy under 15 U.S.C. § 1052(d), which provides in relevant part, "Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce."

39.     Plaintiffs also do not infringe the TIPSY common law trademark rights because Plaintiffs and Defendants have distinctly different marketing approaches and trade dress that prevents consumer confusion, especially when the Court considers that the alcoholic beverage market is crowded with trademarks that incorporate the word TIPSY. Some of the co-existing federal registrations that include TIPSY are:

(i) TIPSY TAILS for beer;

(ii) TIPSY ROOSTER for retail store services featuring alcoholic beverages, liquors, beers;

(iii) TIPSY TIGER for alcoholic beverages, except beer;

(iv) TIPSY TOMATO for alcoholic beverages, namely, flavored brewed malt beverages;

15

(v) TIPSY FOX for wine; alcoholic beverages containing fruit; alcoholic beverages except beers; and,

(vi) TIPSY TONIC for tea based alcohol infusions.

40.     In addition to the above crowded field of federal trademark registrations for alcoholic beverages that incorporate TIPSY, there are numerous common law uses of TIPSY for alcoholic beverages such as TIPSY DUCK, JUST THE TIPSY, and tipsybeverages.com. All of these registered and common law uses of TIPSY peacefully coexist in the marketplace for alcoholic beverages. Tippsy California's use of TIPPSY for sake and related goods fits perfectly within this federal scheme. Hence, the Plaintiffs' distinctive Japanese-focused marketing of sake as a cultural experience is easily distinguished by consumers from Defendants' marketing theme of a neighborhood liquor store.

41.     Accordingly, Plaintiffs seek a declaratory judgment that the Plaintiffs do not infringe Defendants' TIPSY common law trademark rights and that Plaintiffs are entitled to their own registration for this culturally distinct market for the use of TIPPSY. The Court has the authority to fashion such a remedy under 15 U.S.C. § 1052(d), which provides in relevant part, "Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce."

16                                    COMPLAINT

42.    Additionally, Plaintiffs seek a declaratory judgment that Defendants claim of infringement of Defendants' TIPSY common law trademark rights is barred by laches as result of the at least five and half year delay in asserting the claim. Plaintiffs had no knowledge of Defendants' claim of the TIPSY common law trademark rights until Plaintiffs received notice from the Defendants on February 28, 2024. Defendants' '417 Registration issued on October 17, 2023, but Defendants have never used ® next to TIPSY thereby foregoing the right to give constructive notice of their rights in the '417 Registration.

43.    The legal test for laches in the Ninth Circuit is two-fold: first, was the plaintiff's delay in bringing suit unreasonable? Second, was the defendant prejudiced by the delay? To apply the first prong of the laches test, the time period for laches begins to run when Tipsy NY knew, or should have known, about Tippsy California's use of TIPPSY. On information and belief, Tipsy NY knew or should have known about the TIPPSY mark five years ago given the almost six years of open and notorious use of TIPPSY by Plaintiffs. If Tipsy NY had made even a minimum effort at enforcing its rights, a simple Google search would have revealed the Plaintiffs' use of TIPPSY on-line to sell sake and related goods from November, 2018 to present.

44.    Tipsy NY's five year delay is presumptively unreasonable because a laches determination is made with reference to the limitations period for the

analogous state action at law in the Ninth Circuit. The most analogous California statute of limitations for a trademark infringement claim is California's four-year statute of limitations for trademark infringement. When the claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit in the Ninth Circuit. Accordingly, Tipsy NY's delay in bringing an action satisfies the first prong of the test for laches in this Circuit.

45.    Turning to the second prong of the test for laches concerning prejudice, the at least five year delay in bringing the claim for infringement of its TIPSY common law trademark rights has been highly prejudicial to Tippsy California. This is because Plaintiffs have heavily invested in the brand over these many years creating substantial goodwill in the mark that simply cannot be replaced. Customers have come to know Plaintiffs as TIPPSY for their sake needs and rely upon that brand identity to feel confident that the sake they buy is genuine and maintained properly to ensure the highest quality. Changing the name would be extremely prejudicial to TIPPSY California at this late date, representing the loss of the entire goodwill in the mark.

46.    For at least these reasons, both the first and second prongs of the test for laches in the Ninth Circuit are amply satisfied. Therefore, Plaintiffs seek a declaratory judgment that the Defendants' claim for trademark infringement of their TIPSY common law trademark rights is barred by laches.

18                                                    COMPLAINT

## VI.  FOURTH COUNT FOR DECLARATORY RELIEF

## OF TRADEMARK CONCURRENT USE RIGHTS

47.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 46.

48.     Tipsy NY and Defendant Neville have asserted that they have federally registered and common law trademark rights in the TIPSY word mark dating back to January, 2014.

49.     Defendants have accused the Plaintiffs of infringing the Defendants' trademark rights in the TIPSY mark by using TIPPSY.  Initially, Defendants' cease and desist letters came from Defendants' trademark prosecution counsel. But recently Defendants have escalated their threats by hiring litigation counsel to file suit in the Eastern District of New York. The Defendants' litigation counsel has informed Plaintiffs that they must immediately capitulate to all demands without compromise of any kind to avoid litigation.

50.     The dispute between the Plaintiffs and Defendants concerning infringement of the trademark rights in the TIPSY mark is definite and concrete, touching directly upon the legal relations of parties having adverse legal interests. Hence, this dispute is sufficiently real and substantial to be effectively resolved by specific relief through a decree of a conclusive character in the form of a declaration that Plaintiffs do not infringe the TIPSY trademark rights and the

19

substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51.     Plaintiffs do not infringe the TIPSY trademark rights because Plaintiffs have concurrent rights arising from the fact that Defendants waited many years from after their first use of TIPSY before asserting their TIPSY common law trademark rights against Plaintiffs. In 2018, Plaintiffs started using their TIPPSY trademark without knowledge of Defendants' claim of the TIPSY common law trademark rights. Plaintiffs are entitled to concurrent use rights in all states of the United States in which Plaintiffs used the TIPPSY mark before Defendants obtained their '417 Registration and in all additional states that constitute Plaintiffs' natural scope of expansion.

52.     Alternatively, the most logical and favored remedy sought with respect to concurrent use is the division of the market along cultural lines in that Plaintiffs are selling exclusively traditional Japanese alcoholic beverages such as sake, which is far removed from Defendants use of the TIPSY mark for a general liquor store in Brooklyn. Accordingly, Plaintiffs seek a declaratory judgment that Plaintiffs are entitled to their own registration for this culturally distinct market for the use of TIPPSY. The Court has the authority to fashion such a remedy under 15 U.S.C. § 1052(d), which provides in relevant part, "Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally

TROJAN LAW OFFICES
BEVERLY HILLS

determined that more than one person is entitled to use the same or similar marks in commerce."

53.    Accordingly, Plaintiffs seek a declaratory judgment consistent with the relief sought above defining their concurrent use rights with respect to the Defendants' rights.

## VII.  FIFTH COUNT FOR TRADEMARK INFRINGEMENT

54.    Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 53.

55.    Tipsy NY and Defendant Neville have asserted that they have federally registered and common law trademark rights in the TIPSY word mark dating back to January, 2014.

56.    Plaintiffs have sought concurrent use rights in the TIPPSY mark by way of this Complaint.  To the extent that the Court determines that the concurrent use rights should be divided geographically, rather than crafting a remedy along cultural lines as also proposed by Plaintiffs, then Plaintiffs seek a finding that Defendants have infringed upon Plaintiffs' trademark rights in all states in which it is determined by the Court that Plaintiffs have superior concurrent use rights and in which Defendants have made sales and continue to make sales using the TIPSY mark.

21

57.  Plaintiffs seek damages according to proof in all of Plaintiffs' concurrent use states and injunctive relief barring Defendants from selling into such states using the TIPSY mark.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for the following relief:

a.      A declaration that Plaintiffs do not infringe the Defendants' '747 Trademark Registration for the TIPSY logo;

b.      A declaration that Plaintiffs do not infringe the Defendants' '417 Trademark Registration for the TIPSY word mark;

c.      A declaration that Plaintiffs do not infringe the Defendants' common law rights in the TIPSY mark;

d.      A declaration of Plaintiffs' concurrent use rights in the TIPPSY mark along geographic lines or, preferably, based upon the recognition of a distinct cultural submarket in Japanese sake and related goods;

e.      To the extent that the Court determines concurrent use rights in TIPSY based upon geographic markets, then Plaintiffs pray for a judgment against Defendants for compensatory damages and injunctive relief arising out of Defendants' use of TIPSY in Plaintiffs' concurrent use markets;

d.      An award of attorney fees, costs of suit, and prejudgment interest against Defendants;

TROJAN LAW OFFICES
BEVERLY HILLS

22

COMPLAINT

f.      Any and all other relief that the Court deems proper.

## VI.  DEMAND FOR JURY TRIAL

Plaintiffs hereby exercise their right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demand a jury trial in accordance therewith.

Respectfully submitted,

TROJAN LAW OFFICES
By

Dated: May 14, 2024                     /s/R. Joseph Trojan
                                        R. Joseph Trojan
                                        Attorney for Plaintiffs
                                        Tippsy, Inc. and Genki Ito

23                               COMPLAINT